# Exhibit "A"

ELECTRONICALLY FILED
7/18/2017 1:50 PM
52-CV-2017-900315.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>52<br>Date of Filing:<br>07/18/2017 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA
### MICOR INDUSTRIES, INC. v. MAZAK CORPORATION

**First Plaintiff:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER
 R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO  **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** MIT024     7/18/2017 1:50:23 PM    /s/ PHIL D. MITCHELL
                                Date                      Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☑ NO  ☐ UNDECIDED

DOCUMENT 2
Case 5:17-cv-01408-UJH-LSC   Document 1-1   Filed 08/18/17   Page 3 of 14

ELECTRONICALLY FILED
7/18/2017 1:50 PM
52-CV-2017-900315.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

# IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **Micor Industries, Inc.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | |
| | * | |
| **Mazak Corporation and Fictitious Defendants A, B, C, D, E, F and G which are individuals, general partnerships, limited partnerships, limited liability companies, corporations, or other legal entities who (1) sold, delivered, installed, programmed and serviced the Equipment made the subject of the Complaint; and (2) otherwise injured Plaintiff through its actions or inactions,** | * * * * * * * * * * * | **Civil Action No. _____**  **Jury Trial Demanded** |
| **Defendants.** | * * * * * | |

## COMPLAINT

Plaintiff brings this action against Mazak Corporation and the fictitious defendants asserting causes of action for negligence, wantonness, breach of contract, breach of warranty, breach of fitness for particular purpose, breach of implied warranty of merchantability and under the Alabama Extended Manufacturers Liability Doctrine.

1. Plaintiff seeks damages for Mazak Corporation's actions and inactions related to their sale, delivery, installation, programming and servicing of the industrial machining equipment at issue ("Equipment"), and for those actions and inactions of the fictitious defendants.

**Complaint**
**Page 1**

## PARTIES

2.  Plaintiff Micor Industries, Inc. ("Micor") is an Alabama corporation with its principal office in Decatur, Morgan County, Alabama.

3.  Defendant Mazak Corporation ("Mazak") is a foreign corporation with its principal place of business in Kentucky and which transacts business in Alabama.

4.  Fictitious Defendants A, B, C, D, E, F and G are individuals, general partnerships, limited partnerships, limited liability companies, corporations, or other legal entities who sold, delivered, installed, programmed and serviced the Equipment and have otherwise injured the Plaintiff through its actions or inactions. Plaintiff is unaware of the true identities of Fictitious Defendants A, B, C, D, E, F and G at this time.

## JURISDICTION AND VENUE

5.  The Court has jurisdiction under Alabama Code § 12-11-30.

6.  Personal jurisdiction over Mazak is proper because this action arises out of or relates to Mazak's substantial contacts with Alabama, and because there are sufficient minimum contacts between Alabama and Mazak. Mazak conducts business in Alabama and Morgan County directly and by agent. The actions complained of herein took place at Plaintiff's principal place of business in Morgan County, Alabama. The Equipment which is the subject of this action is in Morgan County, Alabama and has been at all times alleged herein. The installation, programming and servicing of the Equipment alleged herein occurred in Morgan County, Alabama.

7.  Plaintiff and Mazak by agreement entered into Micor's purchase orders for the Equipment whereby they agreed this Court would be the exclusive venue and

jurisdiction for any legal cause of action between the parties (as shown in attached Exhibit A), including:

> APPLICABLE LAW/REMEDIES: This Purchase Order shall be governed by the laws of the State of Alabama, without regard to such state's principles of conflicts of laws. Jurisdiction for any cause of action between the parties shall lie exclusively in the Circuit Court of Morgan County, Alabama. Reference to specific remedies of Micor herein does not exclude other available remedies of Micor.

8. The Plaintiff brings claims solely under Alabama law.

## FACTS

9. In December 2014, Micor issued its purchase orders to Mazak for the Equipment as described herein, which Mazak accepted.

10. Specifically, Micor purchased the following Equipment from Mazak:

  a. INTEGREX 1200SR for $357,500.00 ("Equipment 1"); and

  b. INTEGREX I-630/6S for $717,500.00 ("Equipment 2").

11. The purpose of said Equipment for Micor was to efficiently machine, manufacture and produce metal components and products for Micor customers.

12. Mazak marketed the purposes, capabilities and capacities of the Equipment to Micor and sold the Equipment guaranteeing it would perform and operate to said specifications as represented by Mazak.

13. Mazak had the Equipment delivered to Micor, handled the installation, conducted the personnel training and programming of the Equipment.

14. Immediately upon receipt and installation of the Equipment, Micor experienced failure by both pieces of Equipment.

15. The terms of Micor's purchase orders between the parties regarding the Equipment at issue require: that the Equipment shall strictly conform to product

Complaint
Page 3

descriptions and specifications; that the Equipment shall be new and of merchantable quality for the industry; that the Equipment shall be free from defects in workmanship, material and design; shall be fit for their intended purpose; and that the Equipment shall perform the required functions in a manner satisfactory to Micor. Mazak agreed to these terms.

16. The Micor purchase orders dictate payment for the Equipment by Micor shall not be construed as accepting non-conforming goods if the Equipment fails to comply with Mazak's warranties. Mazak agreed to this term.

17. Mazak stated the failure of the Equipment was no fault of its own and in fact blamed Micor. That was not true and in fact the problems were caused by Mazak. Mazak represented the Equipment failure had been resolved multiple times between the date of purchase through points in 2017, but that was false. In fact, Equipment 2 to this date still does not operate properly, or as it was represented and warranted by Mazak. Mazak either refuses or has failed to properly address the issues as required by the parties written agreements.

18. Mazak has on numerous occasions ignored Micor's direct requests to repair the Equipment. Mazak has gone so far as to refuse to even return phone calls and emails from Micor about the Equipment failure.

19. The failure of the Equipment purchased by Micor has caused significant damage to Micor's ability to conduct business with its customers. Micor expended, and continues to expend, substantial time, labor and costs due to the failure of the Equipment and the resulting inability to conduct Micor's business. The failure of the Equipment has caused financial losses to Micor and its shareholders.

## CAUSES OF ACTION

### Count 1: Negligence

20. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if set out here in full.

21. Duties existed on the part of the Defendant in their relationship with Plaintiff. Specifically, Defendant had a duty to exercise due care in performing their obligations of the agreements with Plaintiff, including ensuring the Equipment would efficiently machine, manufacture and produce metal components and products.

22. Defendant breached the duties they owed to Plaintiff.

23. Plaintiff suffered damages as a proximate consequence of Defendant's breach of their duties.

24. There exists a causal relationship between Defendant's conduct and Plaintiff's injuries.

Wherefore, Plaintiff demands judgment against Defendant for compensatory damages, court costs, interest and any other relief that a jury may award and this Court may deem just and proper.

### Count 2: Wantonness

25. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if set out here in full.

26. Defendant engaged in the conduct alleged and described herein carried with a reckless or conscious disregard of the rights of the Plaintiff.

27. Defendant was wanton in performing their duties of the agreements entered into with Plaintiff, including failing to ensure the Equipment would efficiently machine, manufacture and produce metal components and products.

28. Defendant acted or failed to act with a knowledge or consciousness that the action or failure to act would likely or probably cause harm to Plaintiff.

29. Defendant, with reckless indifference to the consequences, consciously or intentionally failed to exercise due care in performing their duties of the agreements entered into with Plaintiff.

30. Plaintiff suffered damage as a proximate consequence of Defendant's actions or inactions.

Wherefore, Plaintiff demands judgment against Defendant for compensatory and punitive damages, court costs, interest and any other relief that a jury may award and this Court may deem just and proper.

### Count 3: Breach of Contract

31. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if set out here in full.

32. Valid Micor purchase order contracts existed between Micor and Mazak.

33. Plaintiff performed all obligations under the contracts.

34. Defendant Mazak breached the contracts with Plaintiff by failing to provide the Equipment as required in the contracts, failing to repair and maintain the Equipment as required and charging Mazak for Equipment that was not as represented.

35. As a result of Defendant's breaches, Plaintiff suffered and continues to suffer damage.

Wherefore, Plaintiff demands judgment against Defendants for compensatory damages court costs, interest and any other relief that a jury may award and this Court may deem just and proper.

## Count 4: Breach of Express Warranties

36. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if set out here in full.

37. Defendant expressly warranted the Equipment would strictly conform to the descriptions and specifications set forth or referred to in the Micor's purchase orders, shall be new and shall be of merchantable quality for the industry, shall be free from defects in workmanship, material and design, and shall be fit for the purpose intended and shall perform the required functions in a manner satisfactory to Micor.

38. These express warranties required the Equipment to be merchantable and/or fit for the ordinary purposes for which it was to be used. That the Equipment was expressly fit, designed, built, installed and programmed properly to perform its required functions in a manner satisfactory to Micor, and that the Equipment was free from defects in materials and workmanship, or that any defects would be repaired or replaced under the warranty.

39. The Equipment, as delivered, breached said warranties. The Equipment was not free from defects in materials or workmanship. The Equipment was not of merchantable quality for the industry. The Equipment was not fit for Micor's intended purposes. The Equipment did not perform its required functions in a manner satisfactory to Micor.

40. Despite notice, the Defendant has failed or refused to correct the defects in the Equipment, and/or the warranty has failed in its essential purpose, causing Plaintiff to suffer injury and damages.

Wherefore, Plaintiff demands judgment against Defendants for compensatory damages, court costs, interest and any other relief that a jury may award and this Court may deem just and proper.

### Count 5:  Breach of the Implied Warranty of Merchantability

41. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if set out here in full.

42. Micor was the ultimate consumer of the Equipment from Mazak.

43. Defendant breached the implied warranty in that the Equipment was not merchantable, was not fit for the ordinary purposes for which the Equipment was to be used, and was not built and did not perform as represented or ordered.

44. Plaintiff provided notice to Defendant for the breach of implied warranty and have given Defendant opportunity to cure or attempt to cure the numerous defects, but Defendant has failed or refused to do so.

45. As a direct result of the breach of implied warranty of merchantability by Defendant, Plaintiff has been damaged by the difference in the value of the Equipment in its defective state and the value of the Equipment had it been delivered as warranted.

Wherefore, Plaintiff demands judgment against Defendant for compensatory damages, court costs, interest and any other relief that a jury may award and this Court may deem just and proper.

### Count 6: Breach of the Implied Warranty of Fitness for a Particular Purpose

46. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

47. At the time Micor purchased the Equipment, the Defendant knew, or should have known, the Micor intended to use the Equipment to efficiently machine, manufacture and produce metal components and products for Micor's customers.

48. At the time Micor purchased the Equipment, the Defendant knew, or has reason to know that Micor was relying upon Mazak's skill or judgment to select or provide the Equipment that was suitable for Micor's particular purpose.

49. Micor justifiably relied upon Mazak's skill and judgment to select or provide the Equipment.

50. Plaintiff provided notice to Defendant for the breach of the implied warranty of fitness for particular purpose and has given Defendant opportunity to cure the numerous defects, but Defendant has failed or refused to do so.

51. Defendant breached the implied warranty in that the Equipment was not fit for Micor's specific purposes.

52. As a direct result of the breach of the implied warranty of fitness for particular purpose by Defendant, Plaintiff has been damaged.

Wherefore, Plaintiff demands judgment against Defendants for compensatory damages, court costs, interest and any other relief that a jury may award and this Court may deem just and proper.

### Count 7:  Alabama Extended Manufacturers Liability Doctrine

53. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if set out here in full.

54. Defendant was involved in the manufacture of the Equipment at issue.

55. Defendant manufactured the Equipment and placed it in the stream of commerce whereby Plaintiff ultimately purchased the Equipment from Defendant.

56. The Equipment reached the Plaintiff as the ultimate user or consumer without any substantial change in its condition from the time it was manufactured by Defendant.

57. Plaintiff used the Equipment for its intended purpose.

58. The Equipment, when it reached the Plaintiff, was in a defective condition and/or in a condition that was unreasonably dangerous to the Plaintiff as the ultimate user or consumer.

59. As a direct and proximate result of Defendant placing defective and/or unreasonably dangerous Equipment in the stream of commerce, Plaintiff has been damaged.

Wherefore, Plaintiff demands judgment against Defendant for statutory and compensatory damages, court costs, interest and any other relief that a jury may award and this Court may deem just and proper.

**[THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK. SEE NEXT PAGE FOR SIGNATURES.]**

Complaint
Page 10

        /s/ *Jay Aughtman*
Joseph "Jay" H. Aughtman (AUG001)
Attorney for Plaintiff

**OF COUNSEL**:
Aughtman Law Firm, LLC
1772 Platt Place
Montgomery, AL 36117
T: (334) 215-9873
F: (334) 213-5663
jay@aughtmanlaw.com

        /s/ *Phil D. Mitchell*
   Phil D. Mitchell     (MIT-024)

Harris, Caddell & Shanks, P.C.
214 Johnston Street, S.E.
Decatur, Alabama 35602-2688
T: (256) 340-8037
F: (256) 340-8039
pmitchell@harriscaddell.com

<u>Jury Demand</u>

Plaintiff Hereby Demands Trial By Jury Struck On All Issues Of This Cause

        /s/ *Jay Aughtman*
Joseph "Jay" H. Aughtman

DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

Mazak Corporation
Attn: Corporation Service Company, Inc.
Registered Agent
641 South Lawrence Street
Montgomery, Alabama 36104

U:\pdm\Public\Data\Micor\Micor-Mazak Corporation\Pleadings\Complaint.wpd
File No. 07677.0070.024-2016PDM

**Complaint**
**Page 11**

DOCUMENT 3

Case 5:17-cv-01408-UJH-LSC   Document 1-1   Filed 08/18/17   Page 14 of 14

ELECTRONICALLY FILED
7/18/2017 1:50 PM
52-CV-2017-900315.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## MICOR INDUSTRIES, INC. PURCHASE ORDER TERMS AND CONDITIONS

**ENTIRE AGREEMENT:** This Purchase Order including the terms and conditions, any conditions, and any specification, drawings or other documents furnished to Seller by Micor Industries, Inc. ("Micor") in connection herewith, when accepted by Seller, shall be the entire agreement of the parties relating to the good(s) or service(s) ordered hereunder and shall supersede any other agreement whether written or oral. No modification of any part hereof shall be binding unless in writing and signed below. DIFFERENT OR ADDITIONAL TERMS OR SELLER'S RESPONSES ARE HEREBY REJECTED AND NO PRIOR OR SUBSEQUENT CONDUCT OF MICOR SHALL BE DEEMED TO BE AN ACCEPTANCE OF DIFFERENT OR ADDITIONAL TERMS.

**ACCEPTANCE OF OFFER:** This Purchase Order constitutes an offer by Micor. Seller may accept this offer in writing or by delivery of all or part of the good(s) or service(s) specified herein, but such acceptance is expressly limited to the specific terms and conditions of this Purchase Order.

**WARRANTIES:** Seller warrants that it has absolute title and full right to transfer good and merchantable title to all good(s) and service(s) delivered or provided hereunder; that the good(s) are now and at the time of delivery shall be free of any security interest, lien or encumbrance; and that all good(s) and service(s) provided hereunder shall strictly conform to the descriptions and specifications set forth or referred to herein, shall be new and shall be of merchantable quality for the industry, shall be free from defects in workmanship, material and design, and shall be fit for the purpose intended and shall perform the required functions in a manner satisfactory to Micor. Such warranties shall extend for a period not less than one (1) year or for any longer period as the Seller or manufacturer of the good(s) normally provides. Seller agrees to protect and hold Micor harmless from any loss or claim arising out of Seller's failure to comply with the foregoing warranties.

**INSPECTION:** Micor reserves the right of inspection prior to final acceptance and such inspection and acceptance shall be at Micor's premises by Micor. Micor may inspect goods at Seller's plant but inspection by Micor prior to delivery does not relieve Seller from responsibility of furnishing goods in strict compliance with specifications, nor preclude Micor's subsequent rejection if the good(s) fail to comply with Seller's warranties. At Micor's election, it may correct any non-conforming good(s) and service(s) at Seller's expense, replace any non-conforming or rejected goods if adequate assurances are not timely provided, hold any non-conforming or rejected good(s) at Seller's risk to cover, and/or return any rejected and non-conforming good(s) to Seller at Seller's expense. Payment by Micor shall not be construed as constituting acceptance of good(s) or service(s) if these fail to comply with Seller's warranties. Inspection may involve sampling or testing, and Micor's acknowledgment of delivery does not constitute final acceptance hereunder.

**DELIVERY:** Unless otherwise agreed by the parties, in writing, each package shall be numbered and labeled by Seller with Micor's Purchase Order number, part number, contents and weight, shall contain an itemized packing slip and shall be properly packed for shipment. Invoices must accurately reflect price and quantity and show terms of payment and delivery. Bills of lading, express receipts, invoices, etc. must be sent forward on the day shipment is made and all shipments must be made in the name of the Seller. Delivery shall be made F.O.B. Micor's premises unless otherwise specified by Micor. Notwithstanding any agreement to pay freight, express or other transportation charges, the risk of loss or damage in transit shall be upon Seller. Title shall pass to Micor on delivery of the conforming good(s) to Micor's premises. Delivery shall not be complete until the good(s) have been actually received, inspected, tested and accepted by Micor as provided in this Agreement. <u>TIME IS OF THE ESSENCE IN CONNECTION WITH DELIVERY HEREUNDER.</u> If any good(s) or service(s) are not delivered within the time specified in this Purchase Order or within a reasonable time, if no time is so specified, or if Seller is not in compliance with any schedule or timetable developed hereunder, Micor, in addition to other remedies, shall have the right to refuse acceptance of such good(s) or service(s) and/or terminate this Purchase Order.

**TERMINATION:** Micor may terminate this Purchase Order for any reason at any time in whole or part as to undelivered good(s) or as to unperformed service(s), including but not limited to any default in the terms of this Purchase Order by Seller or Seller's subcontractors at any tier ("Seller's Default"). Upon a termination of this Purchase Order by Micor for Seller's Default, in addition to any other remedies available, Micor may procure upon such terms as it deems appropriate goods or services similar to those so terminated and recover the increase in the cost of procuring such goods or services from Seller. The rights and remedies of Micor provided this article shall not be exclusive and are in addition to any other rights or remedies provided by law or under this Purchase Order. In event of termination, provided Seller is not in default as to any requirement hereunder and excluding termination for late delivery or noncompliance with scheduling, Micor and Seller will negotiate an equitable settlement of the terminated portion of the Purchase Order, which settlement shall consist only of Seller's actual costs to the date of termination, including an allowance for obsolescence, rework or scrappage, if any, but only for work in process within Seller's normal manufacturing cycle required to meet the delivery schedule, plus a reasonable profit thereon, less any value thereof to Seller. <u>In no event shall such settlement exceed the amount which would have been payable hereunder for such terminated portion had the Purchase Order been completed by the Seller.</u>